## Hardcastle, et al. v. Potter-Matlock Trust Company.

(Decided June 15, 1926.)

Appeal from Warren Circuit Court.

Wills—Under Will Devising Property Between Nieces and Nephews Living at the Time of Testator's Death, Children of Devisees who Died Before Probate of Will to Take Devisees' Share, Held that Children of Devisees who Died Before Testator were Entitled to Participate in Estate.—Under residuary clause of will devising property between all testator's nieces and nephews living at his death, share and share alike, or if any of the nieces or nephews should be dead before will was probated, their children to have portion of such deceased, held that children of devisees dying before testator were entitled to participate in the estate.

MYERS & WHITTLE for appellants.

SIMS & HERDMAN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Ewing Hardcastle, an elderly, single and fairly prosperous man, died testate. Not including grandnieces and grandnephews, his next of kin consisted of thirty-six or more nephews and nieces residing in different states, some of whom were apparently unknown to him. In his will he made valuable specific devises to such of these as he desired to favor, and in the seventh clause disposed of his residuary estate. This action involves the construction of that clause which is in these words:

"All of my estate except the one hundred acres of land given to Euclid Hardcastle and wife, shall be

converted into money by my executor hereinafter named and disposed of as follows:

"To be divided equally, share and share alike, between all my nieces and nephews living at the time of my death, or if any one of these nieces or nephews should be dead before this will is probated, their children if there be any shall have the part of such niece or nephew as may be dead. This item includes the nieces and nephews mentioned above to whom I have given a special bequest as well as any others I may have."

The circuit court construed this provision to mean that the children of all nieces and nephews who died prior to the testator's death are entitled to the share which their parent would have taken if he had been living at that time; that the living nieces and nephews took *per capita,* but the representatives of those who were dead took *per stirpes.*

This appeal is prosecuted by a number of nieces and nephews who deny that the children of those nieces and nephews who died before the testator were entitled to participate in the estate. Their contention is that the phrase, "To be equally divided, share and share alike *between all my nieces and nephews living at the time of my death,"* creates a restricted class among whom there should be a *per capita* division, and that the continuing phrase, "or if any one of these nieces or nephews should *be dead before this will is probated,* their children, if there be any, shall have the part of such nieces or nephews as may be dead," does not enlarge that class but merely recognizes the right in the children of the devisees who died in the interim between testator's death and the probate of his will, to take their parents' share. In other words, that while this phrase recognizes a right of inheritance in some of the children of deceased nieces and nephews, such right is restricted to the children of such as survive the testator and die before the will is probated. It being further argued that the words of the first phrase, "to be divided between *all my nieces and nephews living at the time of my death,"* control the continuing phrase, "or if any one of these nieces or nephews should be dead before this will is probated *their* children . . . shall have the part of such niece or nephew as may be dead," for the reason that the words "these" and

"such" as used in the phrases, *"these* nieces and nephews" and *"such* nieces and nephews," clearly refer to a particular class of nieces and nephews and can only refer to *"all my nieces and nephews living at the time of my death,"* as first used; that the testator by this language intended a *per capita* division among his devisees, and fixed a time and method of ascertaining the members of the class among whom he bestowed his bounty, to-wit: that all of this class who were living at the time of his death should share equally, the share of any one dying subsequently to go to his children.

Taken literally, the language of the will is susceptible of this construction, but it seems to us that it is a refined rather than a practical construction. The testator had made special devises to such of his kindred as he desired to favor. No reason is shown for discrimination between the residuary devisees. It appears that he did not even know a great many of these; he could not tell which of his nieces and nephews would die earliest and it does not appear that he intended to penalize any particular set of great nieces or nephews. True a will speaks from the death of the testator, but as popularly understood little or no distinction is drawn in this respect between the time of his death and the date of the probate of his will. Most likely he used these interchangeably, and considered in connection with the context every word of which should be given some force and effect, it is evident that he did not regard this short interim.

The first literary paragraph, "to be divided equally share and share alike between all my nieces and nephews living at the time of my death," is complete in itself. If the testator intended to restrict the devise to such beneficiaries as survived him, and to the children of such of these as died subsequently, there was no necessity of going further, and the succeeding phrases were mere surplusage. Naturally he did not regard them as an idle form, and their use indicates that he intended to include children of deceased nieces and nephews not embraced in the former phrase. This is emphasized by the concluding phrase, "This item includes the nieces and nephews to whom I have given a special bequest, as well as any others I may have." The words "this item" are evidently used as synonymous with the words "this clause" and the words "any others" were used indifferently as applied to all nieces and nephews, and are

not restricted to such as may be living at the testator's death, thus indicating that he meant for them to apply to all nieces and nephews living or dead, regardless of the time of the demise of such as were dead, and considering the will as a whole, we conclude that such was his intention.

Wherefore, perceiving no error, the judgment is affirmed.